PER CURIAM.
The appellant, Eileen J. Nielsen, was the plaintiff below. She appeals from an amended final decree which was entered by the Circuit Court for Broward County, Florida, following a previous appeal to this court from a final decree of the Circuit Court.
The plaintiff’s second amended complaint sought to reform a deed which she and her husband had executed to the defendant, Paneil, Inc., at a time when she and her husband were sole owners of the defendant corporation. The purpose for the execution of the deed was to place in the defendant the title to a tract of real property which was to be mortgaged by the defendant to First Federal Savings and Loan Association of Delray Beach. The deed was attached to the complaint. The mortgage was also attached to the complaint. A comparison between the description in the deed and the description in the mortgage shows that the mortgage covered only a small part of land that was conveyed to Paneil, Inc., by the deed sought to be reformed.
At the trial, the plaintiff introduced in evidence the deed sought to be reformed as well as a mortgage which she and her husband executed to John P. Erickson and Esther E. Erickson. This mortgage was dated 8 January 1963 and was recorded 11 January 1963, just eight days after the rec-ordation of the deed sought to be reformed. The Erickson mortgage covers the north 3SS feet of the land which the plaintiff and her husband had theretofore conveyed to Paneil, Inc. It was introduced in evidence by the plaintiff to show that she and her husband, who is now deceased, did not intend to convey to Paneil, Inc., the entire tract of land described in the deed.
The final decree entered by the trial judge denied the relief sought. On appeal this court wrote an opinion which was published in 202 So.2d 894.
The basic question now before us is whether or not the trial judge after remand correctly followed the mandate of this court. The formal mandate incorporates the opinion and directs that further proceedings be taken in accordance therewith. Our problem, therefore, resolves itself into an interpretation of the opinion which we previously rendered.
The plaintiff argues that the amended final decree improperly reformed the deed by revesting title in the plaintiff only to the north 355 feet of the entire tract which she and her husband had conveyed to the defendant. The plaintiff contends that it was the intention of the mandate to require that the deed be reformed so that it convey to the defendant only that property which the defendant mortgaged to First Federal of Delray.
While the opinion does contain some rather indefinite language which might conceivably support the trial judge, the most definitive statement in the opinion indicates that it was the intent of this court that the deed be reformed to convey to the defendant only that property which was included in the mortgage to First Federal Savings and Loan Association of Del- *885 ray Beach. On the third page of the opinion the following language is found:
“To us, the conveyance to the corporation together with the mortgage should be squared, one with the other.”
In other words the conveyance to the defendant corporation which the plaintiff sought to have reformed should he reformed so that it conveys no more than the land included in the mortgage from the defendant to First Federal Savings and Loan Association of Delray Beach.
After the entry of the amended final decree the trial judge entered an order on 4 March 1968. It was entered without the taking of testimony and assessed against the plaintiff the aggregate sum of $17,791.-67 representing interest which presumably had been paid on the Erickson mortgage by Paneil, Inc., following the execution of the deed which the plaintiff sought to have reformed. The order also assessed against the plaintiff $2,760.50 for 1963-1967 taxes paid by defendant on the land which the plaintiff recovered from the defendant.
The justification for the order of 4 March 1968 was found in the following language appearing in the next to the last paragraph of the opinion of this court:
“Accordingly, the squaring of the two mortgages with separate deeds will also require that each of the parties bear taxes and other costs from the dates of the mortgages forward.”
After the entry of the order of 4 March the trial court entered an order on 13 March which made a further amendment to the final decree, but this order was later vacated by an order entered on 3 April 1968. We, therefore, need not consider either of those two orders.
The plaintiff argues that the trial court lacked jurisdiction to amend the amended final decree where no rehearing had been asked. The cases which she cites do not support this contention. The amended final decree was issued to comply with the mandate of this court, and it was the duty of the trial judge to comply with the mandate of the court; therefore, he necessarily had jurisdiction to enter as many orders as were required to achieve such compliance.
It was the intention of this court by the last quoted provisions of our prior opinion to impose upon the plaintiff the duty of doing equity as a condition to having equity done in her behalf. It is a well settled principle of equity that a person cannot claim unconscionable relief nor any relief except under the condition that he do equity by recognizing and accommodating equitable claims of his adversary. Martin Company v. Commercial Chemists, Inc., Fla.App.1968, 213 So.2d 477. To comply with this principle, the trial judge should have permitted the parties a hearing and an opportunity to present evidence. Thereafter he should have made a determination of what reimbursement in equity and good conscience the plaintiff should be required to make to the defendant on account of payments by the defendant on the Erickson mortgage and on real property taxes on the land which the plaintiff will recover by reason of the reformation. The trial court did not do this, but based his determination solely on personal knowledge and various assumptions with respect to the payment of principal and interest on the Erickson mortgage and taxes.
We have considered the other point raised by the plaintiff on this appeal and concluded that it lacks merit.
Accordingly, the order dated March 4, 1968, is vacated and set aside and amended final decree is reversed and the cause remanded for further proceedings consistent with this opinion.
CROSS, C. J., REED, and ADAMS, ALTO (Ret.), Associate Judge, concur.