KLEIN, Judge.
Appellant, Michael J. Kias, appeals a surcharge judgment entered against him as a result of his neglect, as personal representative, in administering an estate. We reverse and remand, because the amount of the judgment is unsupported by the evidence.
Kias, a lawyer practicing in Indiana, was named personal representative of the estate of his aunt, Madge S. Rothschild, who died in 1979. The inventory reflected that at the time of her death her estate had a value of approximately $660,000, with about $481,000 in cash or cash equivalents, the remaining being in real estate or personal property. Mr. Kias administered this estate for 10 years, contrary to the instructions in the will which bequeathed the assets in trust to a bank for the benefit of the beneficiaries, and did a less than creditable job. In 1990 the beneficiaries filed petitions to remove Kias as personal representative and surcharge him.
The beneficiaries presented their claim for damages against Kias through an accountant, who testified hypothetically that if this estate had been administered properly it should have had $1,220,000 in it at the end of 1990. He made up a simple two page exhibit roughly reflecting his calculations.
Eleven months after the trial the court entered a final judgment based on that document, in the amount of $1,040,834. The court accepted the accountant’s calculations, making only one change, which was to reduce the percentage annual return which the accountant projected the estate should have earned. The amount of the judgment is excessive and not supported by evidence.
The decedent’s husband had predeceased her by five years, and their assets had been jointly owned. No estate had been opened or any estate tax paid on his estate. During administration of decedent’s estate it was determined that taxes were owed on her husband’s estate of $48,500, which, with interest, amounted to $84,688. That amount was paid out of her estate, however, the accountant neglected to deduct it.
Another substantial error in the accountant’s testimony involved a balloon note due the estate in the amount of $203,500, relating to a sale of a piece of real estate owned by the estate. The accountant assumed in his hypothetical that the estate had received that amount, however, the estate has never received it because the debtor was attempting to refinance the property and had been unsuccessful.
These are some of the more glaring inaccuracies in the accountant’s testimony and his exhibit, and since the trial court accepted it in total, the judgment is clearly erroneous, and must be reversed. Oceanic *904 Intern. Corp. v. Lantana Boat Yard, 402 So.2d 507 (Fla. 4th DCA 1981). Because it is clear from the evidence that the appellees suffered some damages, and because it is apparent to us after reviewing the record that additional evidence may be necessary for the court to arrive at an accurate amount to surcharge the appellant, we expressly authorize what the trial court would have discretion to do in any event, take additional evidence. Neilsen v. Paneil, Inc., 227 So.2d 883 (Fla. 4th DCA 1969).
Reversed.
HERSEY and STONE, JJ., concur.