316 So.2d 722

**Arthur Lee HUNTER**

v.

**STATE.**

**7 Div. 339.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

William D. Hudson, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and C. Lawson Little, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent here and below, represented at *nisi pruis* and here by appointed counsel, was convicted of robbery as charged in an indictment. He pled not guilty. The jury fixed his punishment at thirty years imprisonment in the penitentiary.

There is a companion case of Joe Nathan Jackson, wherein he was convicted of robbing the same victim, at the same time as here, and sentenced to forty years imprisonment. This Court affirmed and the

Supreme Court recently denied certiorari. Ala.App., 315 So.2d 131, certiorari denied, Ala., 315 So.2d 136.

We will not delineate all the evidence for that in the instant case most of the evidence is the same as in Jackson. We will only make a brief reference of the evidence.

It appears without dispute that the robbery occurred at the Baptist Memorial Hospital in Gadsden on the night of July 8, 1974, between 9:30 and 10 o'clock P.M. It further appears that defendant and Jackson, both in the front seat, with other persons on the back seat, came in the same hospital in the same car and they left together, and were subsequently overtaken by the police and both placed under arrest. A large sum of money was found under the floor covering of the car. The victim of the robbery was Mrs. Velma Henry. She was knocked down by her assailant Jackson and her purse containing $3200 was snatched by her assailant.

This appellant-defendant gave a statement to the police, which was admitted in evidence by the court. He contended that he went to the hospital with Jackson to see a friend on the night of the robbery. Not finding the friend, he, with Jackson, came back again to see his friend; that he told Jackson he would have to park across the street. He let Jackson out and parked across the street. He got out and started walking toward the entrance of the hospital, when he heard Jackson call him. He went back and got in the car. He could hear screaming coming from the direction of the hospital. Jackson said he did not know what the screaming was about. When they got to "the house," he learned that Jackson had the woman's purse out of which Jackson got money and gave him twelve one hundred dollar bills and told him to keep it until Friday. They then drove to a dump, at Jackson's direction, and hid the purse; on the way back the police stopped them at his cousin's house where they were arrested. Omitting some details, the substance of the statement was that appellant-defendant was at the hospital with Jackson who committed the robbery without the knowledge or aid of defendant, and that he did not learn of the robbery until they reached "the house," where Jackson produced the purse and gave him $1200.00 to keep.

It appears from the evidence of Mrs. Jean Richards, who witnessed the robbery, that the assailant of Mrs. Henry, went to the waiting automobile that was in the front driveway of the Baptist Hospital. The car was promptly driven off.

We think there was ample evidence from which the jury could infer that appellant-defendant was the driver of the "getaway" car, overtaken by the police, and that he was an accomplice, or an accessory in perpetration of the robbery. T. 14, § 14, Code of 1940.

The *Jackson* case, *supra,* upholds the legality of the search of the car and the seizure of money and other articles in the car. *Jackson* decided that issue and others contrary to appellants contention.

We think a jury question was presented. The verdict was against defendant. We will not disturb.

The judgment below is hereby

Affirmed.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., not sitting.