JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Jefferson County returned an indictment against the appellant, Bruce Eric Hall, charging him with robbery. Appellant entered a plea of not guilty. A jury found him guilty as charged and fixed his punishment at ten years imprisonment in the penitentiary and he was duly sentenced by the court to ten years in the penitentiary. He appeals to this Court.
Appellant was at all proceedings in the trial court, and is here represented by court appointed counsel. This appeal was submitted to this Court on briefs.
The appellant insists in his brief that his conviction should be set aside because the trial court committed reversible error by allowing testimony of a lineup identification of a co-defendant that was tainted by suggestive police procedure; that the trial court further erred when it overruled appellant’s motion to exclude all of State’s evidence when the State rested its case. The motion to exclude State’s evidence was because the evidence was insufficient to sustain a verdict of guilty. No motion for a new trial was made by appellant.
State’s evidence tends to prove that on October 5, 1974 State’s witness, McKenzie, was employed as an assistant manager of a U Totem store located at 4209 East Lake Boulevard in Birmingham, Jefferson County, Alabama; that about fifteen minutes to nine or ten o’clock that night McKenzie was alone in the store at the front counter counting some money when two black men came in the store together; that one of them was about five feet eight inches tall, and was wearing a U. S. Army field jacket, and the other one was around six feet one inch tall, and was wearing a floral shirt; that the tall person asked for a package of cigarettes; that when McKenzie reached for the money for the cigarettes, he saw that the short *52 man had a sawed off shotgun up under his arm in between his hands, and told McKenzie to give him all the money and to put it in the bag in a hurry; that McKenzie opened up a small paper bag and put the money in it; that the money was U. S. currency and consisted of a few rolls of dimes, nickels, quarters and bills, and he handed it to the tall person who was standing right beside the short person with the gun; McKenzie was then told by one of the robbers to run out of the store which he did, and went next door to the Rotor and Wing Lounge and told the manager he had been robbed by two colored men in a white four-door Dodge automobile, and asked him to call the police; that the call to the police was made immediately; that the two robbers got in a white Dodge automobile with the motor running and left in a hurry going toward Highway Number 79; that the white Dodge was about a ’65 model; that a few minutes after the robbery McKenzie identified a white four-door Dodge automobile that had been stopped by Officer Kee-ton on Highway 79 about five and a half or six miles in a Northerly direction from the scene of the robbery as being the same car he had seen at the scene of the robbery; that McKenzie later identified a sawed off shotgun, some rolls of money and a paper bag that were found in the white Dodge by the police officers soon after it was stopped on Highway 79 that night as being just like the sawed off shotgun, some of the money and the paper bag involved in the robbery; that McKenzie identified State’s exhibit number 2, a green army fatigue jacket, as being just like the one one of the robbers holding the shotgun on him had on at the time of the robbery and also identified the tall man who took the bag of money as being Ralph McKinnon; that McKenzie did not identify the appellant in court, in a lineup or from pictures shown him about two weeks after the lineup, but did identify Ralph McKinnon in a six man lineup about two days after the robbery, and from three pictures shown him about two weeks after the lineup and in courts at different times as being the person who took the bag of money from him on the night of the robbery.
The testimony of State’s witness, Police Officer Keeton of the City of Tarrant, tends to prove that he was patroling on Highway 79 north on the night of October 5, 1974 at approximately 9:45 when he responded to a call and proceeded south on Highway 79 and in about three minutes after he got the call he stopped a white four-door 1964 or ’65 Dodge car headed north on Highway 79; that there were three black men in the car when he stopped it; that one, Carl Dodson McKinnon, was seated on the front seat on the driver’s side; that Ralph Edward McKinnon was seated on the front seat on the passenger’s side wearing a flowered shirt, and the appellant, Bruce Eric Hall, was seated on the back seat wearing an army field jacket; that after Officer Keeton had stopped the white Dodge the officer got another call over the radio and he then arrested all three men for armed robbery; that Officer Keeton at the scene of the arrest looked inside the white Dodge and saw about three or four inches of the butt end of a sawed off shotgun sticking out from under the front passenger’s seat; that the gun was a single barrel, twelve gauge with scotch tape wrapped around the stock which was approximately five or six inches long with some other wrappings around it to hold the stock on; that State’s exhibit one, a sawed off shotgun, looked like the same gun that Officer Keeton got from under the front seat of the Dodge; when Officer Keeton got State’s exhibit one from under the front seat it was loaded with a live twelve gauge number 2 shell; that State’s exhibit two, an army field jacket, was the same jacket that the appellant was wearing when Officer Kee-ton stopped the white Dodge and met the description of the jacket worn by the short man who had the gun at the time of the robbery; that Officer Keeton gave the sawed off shotgun, the twelve gauge gun shell and the army field jacket to Officer Evans of the Birmingham Police Department that night in a few minutes after Keaton unloaded the gun and removed the jacket from the appellant.
*53 Officer Evans’ testimony tends to prove that about 9:40 on that night he received a call of a robbery of a U Totem store at 4209 East Lake Boulevard; that about ten or twelve minutes later he arrived at the scene on Highway 79 where Officer Keeton had under arrest Ralph Edward McKinnon, the appellant Bruce Eric Hall and Carl Dodson McKinnon; when Officer Evans arrived Officer Keeton gave him custody of Ralph and Carl McKinnon and the appellant Bruce Eric Hall, and a Forest King single barrel shotgun approximately twenty-one and three-fourths inches overall length with a wood stock wrapped in clear tape and twine, and a green army field jacket, and a shotgun shell; that Officer Evans made an in-court identification of State’s exhibit one as the same shotgun, and of State’s exhibit two as the same green army field jacket, and of State’s exhibit three as the same shell delivered to him by Officer Keeton; that Officer Evans made a search of the Dodge at the scene where Officer Keeton stopped it and found a small paper bag in the glove compartment containing twenty-seven dollars and eighty-four cents all in coins; that about fifteen minutes later and at the East Lake Precinct he found in Ralph McKinnon’s right front pocket thirty-seven dollars and eighty cents which consisted of a roll of quarters, two single quarters, three single dimes, two ten dollar bills, one five dollar bill and two one dollar bills; that the quarters were a machine roll of quarters.
Appellant’s evidence tends to prove that appellant and a couple of his friends, Carl and Ralph McKinnon, on the night of October 5, 1974 attended a party at 1540 Elm Street Southwest in Birmingham and left the party together between 9 and 9:30 P.M.; that State’s witness McKenzie had made contradictory statements that the two men who robbed him were white men in a white Dodge, that they had on jackets with hoods on them, and also they were two black men in a white Dodge. Appellant’s evidence further tends to prove that the car seen leaving the U Totem store immediately after the robbery with the robbers in it was not a white four-door Dodge but was a light colored Chrysler; that $155.09 was missing from the Totem store; that the appellant had a gold tooth and a scar under his eye; that Ralph McKinnon’s mother gave him a ten dollar bill before he left home on the night of the robbery.
Appellant was a witness in his behalf and testified in substance that on the night of October 5, 1974 he went to a party on Elm Street where he met Ralph and Carl McKinnon and after about thirty-five minutes appellant and Ralph and Carl McKin-non left the party on Elm Street to go to a party at a girl’s house out by Jefferson State College and that while the three men were on the way and when Carl McKinnon was driving, Ralph McKinnon was in the front seat of the car on the passenger’s side and appellant was seated in the rear seat, they met a white car, going in the opposite direction, with two white men in it and the car was speeding; that the men in the speeding car threw a bag and a rod out of the window of the speeding car; that Carl stopped the car appellant was in, and Ralph got out and went back to where the bag and rod were thrown out of the speeding car and came back to the car appellant was in with a bag of money and a shotgun; that appellant and his companions proceeded on toward the party and after about three minutes the car appellant was in was stopped on Highway 79 by the police; that State’s exhibit one is the same gun found under the front seat of the car the appellant was in that night, and that State’s exhibit two was appellant’s jacket and that appellant was wearing it that night; that neither appellant nor his companions robbed the U Totem store that night; that they were riding in a beige Dodge that Carl McKinnon owned.
When there is a conflict in the evidence, the inferences to be drawn from the evidence, the weight of the evidence, and the credibility of the witnesses are all questions for the jury. Vaughn v. State, 57 Ala.App. 134, 226 So.2d 662; Byrd v. State, 213 Ala. 333, 104 So. 830; Hunter v. State, 55 Ala.App. 475, 316 So.2d 722.
*54 There is no positive identification of the appellant by the victim of the robbery, but when all the State’s evidence is considered, it is sufficient for a jury to conclude, and they did, that the appellant was one of the robbers. McKinnon v. State, Ala.Cr.App., 349 So.2d 87; Johnson v. State, 57 Ala.App. 470, 329 So.2d 160; Blakely v. State, Ala.Cr.App., 344 So.2d 812.
Appellant further contends that the trial court committed reversible error by allowing State’s witness McKenzie to give testimony of a lineup identification of Ralph McKinnon, a conspirator, that was tainted by suggestive police procedure. It appears from the record that the robbery was on the night of October 5,1974, and on October 7, 1974 State’s witness McKenzie viewed a lineup of six persons at the South Side City Jail; that after the robbery and before the lineup or during the lineup no suggestions had been made to McKenzie that Ralph McKinnon or the men who robbed McKenzie were in the lineup; that McKenzie was only asked if he could identify any of them and he identified Ralph McKinnon as one of the men who robbed him. Two weeks later he was shown three pictures, one of Carl McKinnon, one of Ralph McKinnon and one of the appellant, and identified only Ralph McKinnon as one of the men who had robbed him and took the paper bag of money from him. We have searched the entire record and do not find any evidence of suggestive police procedure that would taint the lineup identification of Ralph McKinnon in the lineup. We hold that the record before us does not show that the testimony of State’s witness McKenzie about the lineup identification of Ralph McKinnon, a co-conspirator, was tainted by suggestive police procedure. Brown v. State, 338 So.2d 1050.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a Retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.