BOWEN, Presiding Judge.
Lemuel Calloway was indicted and convicted for robbery in the first degree. The defendant was sentenced as a habitual offender to ninety-nine years’ imprisonment. No direct appeal was taken. This is an “out-of-time” appeal which was granted by the circuit court in response to the defendant's petition for writ of error coram nobis.
On appeal, the defendant contends that the evidence was insufficient to support his conviction because no one identified him as the robber. Thorough review convinces this Court that the defendant’s conviction was based on conjecture, surmise and suspicion.
Abraham Saliba testified that at about 6:00 on the morning of Saturday, June 11, 1983, two black men came in his grocery store, robbed him, rifled his safe, and ran out the front door. Mr. Saliba testified that he was “busy trying to protect [his] own welfare” and could not identify either of the men.
Wilbur Blankenship testified that he lived near Mr. Saliba’s store. “About 6:00 o’clock in the morning, somewhere long there” that Saturday, he observed someone who “kind of favors” the defendant and another black male running “real fast” in a direction away from Mr. Saliba’s store, Mac’s Cafe, and the Post Office. They “went up to two vacant lots and across Mr. Elmore’s garden and then behind his house and across a little alley street there and then behind another house.” Mr. Blankenship was not positive in his identification of the defendant but was “pretty sure it is him.”
The morning of the robbery, Jessie Wright was working in Mac’s Cafe. About 6:00, he observed the defendant and the “little Jones boy” coming up the street, “and then when they came back down [about ten to fifteen minutes later] they were running.” However, Mr. Wright just heard “somebody a running” and did not see anyone “when they came back down” between 6:30 and 7:00 o’clock.
Ford Matthews was sitting on his carport that Saturday morning shooting squirrels that were “bothering” his pear tree. He saw the defendant and Jones “running pretty good when [he] hollered at him and he seen me with a rifle, he increased his speed.” Mr. Matthews yelled, “Hey, you black son-of-a-bitch, don’t come back through my yard or I’m going to put some lead in your ass.” The men were running from the direction of the courthouse square. Matthews stated that he “knew he had been up to something or figured he was because at that time of the morning you don’t be running around and running through people’s yards.”
Ozark Police Officer John Nicholson testified that no fingerprints were found at the scene of the crime. With the presentation of this testimony, the State rested its case. The trial court overruled the defendant’s motion for judgment of acquittal and motion to exclude the evidence.
The defendant testified in his own behalf, even though he was serving time for convictions on theft of property I and II. He denied any knowledge of or participation in the robbery.
Here, as in Smith v. State, 337 So.2d 53, 56 (Ala. Cr.App.1976), “(t)he evidence is sufficient to give rise to a strong suspicion of defendant’s guilt, but that is not enough. A conviction cannot be sustained on the basis of surmise, speculation and suspicion.” See also Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). In reaching this decision, we are guided by the principles for reviewing the sufficiency of the evidence supporting a conviction based on circumstantial evidence, as stated in Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala.1979), and followed in Ex parte Dolvin, 391 So.2d 133 (Ala.1980).
The accused’s identity as a participant in a robbery may be established by circumstantial evidence and does not require eyewitness identification by the vie- *603 tim or others. Griffin v. State, 393 So.2d 523, 527 (Ala.Cr.App.1981). However, in this ease, the issue of the defendant’s guilt or innocence never should have been submitted to the jury. The missing link in the chain of circumstances tending to connect the defendant with the robbery is more properly characterized as a gaping hole in this case. That chain of circumstances must be complete, Roy v. State, 375 So.2d 1289, 1290-1 (Ala.Cr.App.1979), and constitute a “well-connected train.” DeSilvey v. State, 245 Ala. 163, 167, 16 So.2d 183 (1943). “ ‘Where circumstantial evidence consists of a number of connected and interdependent facts and circumstances, it is like a chain which is no stronger than its weakest link; if any link is missing or broken the continuity of the chain is destroyed and its strength wholly fails.’ ” Carr v. State, 28 Ala.App. 466, 468, 187 So. 252 (1939).
“Circumstantial evidence is said to be the inference of a fact in issue which follows as a natural consequence according to reason and common experience from known collateral facts.” White v. State, 294 Ala. 265, 272, 314 So.2d 857, cert, denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975). “A mere ‘guess’ is not such a legal conclusion as the law authorizes a jury to fix as a basis upon which to found a verdict.... When the existence of a fact is sought to be established by proving another fact, the fact so proven must be a fact from which the existence of the fact sought to be proven can be naturally and rationally inferred or presumed.” Central of Georgia Ry. Co. v. Teasley, 187 Ala. 610, 65 So. 981, 983 (1914) (emphasis in original). See also Ex parte Campbell, 439 So.2d 723, 724 (Ala.1983).
“The possibility that a thing may occur is not alone evidence, even circumstantial, that the thing did occur.” Bluth v. State, 38 Ala.App. 692, 697, 92 So.2d 685 (1957). “Facts are not proved by circumstances merely consistent with their existence.” Thomas, 363 So.2d at 1025. “ ‘The test of the sufficiency of circumstantial evidence is whether the circumstances, as proved, produce a moral conviction, to the exclusion of all reasonable doubt, of the guilt of the accused, whether they are incapable of explanation upon any reasonable hypothesis consistent with his innocence ... No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires.’ ” Jarrell v. State, 255 Ala. 128, 129, 50 So.2d 774 (1949).
The Alabama Supreme Court’s observation in Sorrell v. State, 249 Ala. 292, 294, 31 So.2d 82 (1947), is applicable here. “True, there are circumstances in the case which might be calculated to arouse the curious mind to wonder why they occurred, if defendant were wholly innocent of wrongdoing, but when considered in the light of the governing principles of law above deduced, it is clear the evidence was wanting in the legal requisites necessary to sustain the conviction. The conviction rested on surmise, speculation and conjecture, and the ends of justice require us to enter a reversal....”
Here, there was nothing more than conjecture and suspicion to indicate that the defendant robbed Mr. Saliba. For that reason, the judgment of the circuit court must be reversed. Under the principles announced in Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), that judgment must be rendered in the defendant’s favor.
REVERSED AND RENDERED.
All Judges concur.