157 So. 485

## JORDAN v. STATE.
### 4 Div. 776.

Supreme Court of Alabama.
Nov. 15, 1934.

E. C. Boswell, of Geneva, for appellant.

416

Thos. E. Knight, Jr., Atty. Gen., for the State.

FOSTER, Justice.

We may agree that the jury was justified in drawing the conclusion from the evidence that defendant caused his automobile to run over decedent after pushing him along the road for several feet. But it is not so clear that it was done intentionally, or that decedent was then alive, or that his death was caused by such conduct, or that it had an important part in bringing it about. That he purposely and maliciously caused his death is such a remote possibility as disclosed by the evidence that we cannot consent that his conviction of murder in the second degree should not have been vacated on his motion for a new trial.

No circumstance in the case tends to justify such an inference. Some of them may be consistent with his guilt, but that situation is not sufficient to justify a conviction. The circumstances must be more than consistent with guilt, and are not sufficient if they merely cause suspicion of guilt.

There had been a woods fire extending up to the road traversed by defendant when his car ran over deceased at night. The stumps and trash were smoking so that, in the absence of a conflicting tendency, it was reasonable to believe defendant when he says he could not see well enough to tell whether a person's body was lying in the road. Their relations were friendly and intimate, and their work in harmony and was to accomplish the same purpose. No unfriendliness or dispute is shown, but rather the reverse. There was no motive shown for any hostile act toward deceased. There was no evidence of strong drink affecting any of the participants in that night's occurrence.

The character of defendant was shown to be good, without question by the state. He was a man·past middle life, having spent many years in that community, and established a fixed character for peace and quiet, and for a long time served in the state's forestry project.

We do not see that it is inconsistent with innocence that he went to the home of deceased that night and spent the night, though deceased was then dead, unknown to him, and that early the next morning, as soon as he heard of his death, telephoned to the chief of the department in which deceased was employed, and went to where the body was found with him and the sheriff, and told them about running his car over something which he thought was a pole or chunk in the road, admitting his car tracks, denying nothing which was considered a circumstance tending to connect him in some manner with it, but explaining and declaring every detail of his conduct. When his conduct, as told by the witnesses for the state, as well as his own, all of which is without material conflict, is carefully analyzed, the only circumstance which might be said to need an explanation is that he ran his car over decedent, whether before or after he was dead is uncertain. But when that circumstance is considered in the light of the undisputed circumstances, we do not think it is sufficient to support a conviction of intentional homicide.

There are many peculiar and unexplained circumstances. The glasses of deceased were on a stump near where his head lay. One or more of the empty pistol shells was set up on end on his body as he lay on the ground. He was shot with a pistol of the caliber of one he had that night, but his pistol was not found. There were five pistol shots, but no one seems to have heard them. Was he shot before the car ran over him? If not, what was he doing lying in the road? His tracks showed he had walked around in the burned woods and chunked up some fire. No other tracks were found. Neither defendant nor any of his associates had a pistol that night. There was no evidence of a scuffle. While it may not be necessary to explain all those circumstances, they or some of the evidence must show defendant's guilty participation. He should not be convicted on mere suspicion, or that he might have committed the act. The theory that he did so must be supported by legal evidence.

We think there is only one incriminating circumstance, and, when it is considered in the light of all the facts shown without dispute, that circumstance is only sufficient to provide occasion for unsubstantiated theories.

The motion for a new trial should, in our opinion, have been granted.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.