2 So.2d 466

## COST v. STATE.
### 6 Div. 711.

Court of Appeals of Alabama.
May 20, 1941.

George Rogers, of Birmingham, and Jim Lipscomb, of Bessemer, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of robbery—his punishment being fixed at imprisonment in the penitentiary for the term of ten years. Code 1928, Sec. 5460, Code 1940, Tit. 14, § 415.

According to the State's testimony—there was none offered on behalf of appellant—two men went into the store of the "A. & P. Tea Company" at 3925 Vanderbilt Road (we assume in Tarrant City) in Jefferson County, Alabama, and "held up at the point of a gun" and robbed one D. L. Miller, the store manager, of the amount of some six hundred and five dollars.

Further, according to the State's testimony, these two men then came out of the said "A. & P. Tea Company" store, got into a Ford automobile which was "standing by", with the "motor running and radiator steaming", and were driven away from the scene of the robbery by a person identified according to one witness' "best judgment" as appellant.

■ The actual robbery was abundantly shown in the testimony. We have carefully read and studied the bill of exceptions; and it is our considered opinion that the evidence contained therein—which we do not feel called upon to narrate or discuss—was sufficient upon which the jury could find that appellant was the man who sat in the Ford—with its "engine running and radiator steaming—while the robbery was being committed; and that he was the man who drove the actual robbers to and away from the scene of the crime; and that he did thereby knowingly aid and assist in the perpetration of the robbery. And that he was hence guilty in all respects as charged in the indictment. Code 1928, Sec. 3196, Code 1940, Tit. 14, § 14.

Our conclusion just above announced disposes of the principal matter argued here by appellant's able counsel as a reason why the judgment of conviction should be reversed—the refusal of the trial court to set aside, upon appellant's motion, the verdict of the jury finding him guilty.

It is claimed that the court below committed error in refusing to give to the jury at appellant's request some one or more of a number of written charges. We have examined each such charge in the light of the excellent briefs filed here on behalf of both the State and appellant.

■ It seems not necessary to discuss these charges separately; but enough to say that in each instance, if the charge was not imperfect, as not being predicated on a consideration of all the evidence, or argumentative, or otherwise patently properly refused, its substance was fully covered by and included in the trial court's able and comprehensive oral charge, or some one of the several written charges given to the jury at appellant's request. There was error in the refusal of no one of such charges. Code 1928, Sec. 9509, Code 1940, Tit. 7, § 273.

■ In addition to giving careful attention to all that was contained in the brief filed here on behalf of appellant—which we have indicated hereinabove was excellently prepared—we have not been unmindful of our duty under Code 1928, Sec. 3258, Code 1940, Tit. 15, § 389. But we find apparent no ruling or action by the trial court infected with error prejudicial to appellant's rights. He seems to have had a fair trial, and the judgment appealed from should be affirmed.

It is so ordered.

Affirmed.