294 So.2d 777

**Billy Ray BLACK**

v.

**STATE.**

**7 Div. 288.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

Jerry B. Oglesby, Anniston, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant appeals from a conviction of burglary in the second degree and sentence imposed by the court of four years imprisonment in the penitentiary.

Four of the written requested charges refused to the defendant were affirmative in nature and their refusal presents the question of the sufficiency of the evidence to support the verdict of guilty. See cases cited in Alabama Digest, Volume 7, Criminal Law, ☜1063(4).

The State in brief filed in this court agrees that the statement of facts appearing in appellant's brief is substantially correct.

We, therefore, adopt the statement of facts as set out in brief of appellant, with some slight addition thereto made by us as being a substantially correct statement. It appears as follows:

James A. Laney owned a grocery business located at 312 Blue Mountain Road in Anniston, Calhoun County, Alabama, on December 7, 1972. On that occasion when Mr. Laney left his business, his store was locked and the windows were intact. The following morning around 2:30 a. m. Mr. Laney was notified that someone had broken into his place of business. When Mr. Laney arrived at his place of business, the Appellant, Billy Ray Black, was in custody of the police. Mr. Laney did not acutally see the person or persons who burglarized his place of business. (But, we interpolate, when Laney arrived the police had appellant handcuffed and in a police car.)

Kenneth McGee, a police officer for the City of Anniston, testified that he was on routine patrol on December 7, 1972, at approximately 2:00 a. m. Officer McGee saw the Appellant, Billy Ray Black, standing outside the window of the grocery store owned by Mr. Laney. The Appellant was pulling some type of box through the window. Officer McGee arrested the Appellant at that time. Officer McGee did not ever see the Appellant inside the grocery store. The Appellant's original arrest was on a charge of loitering. Subsequent to that time he was charged with burglary after a warrant had been signed. The Appellant had none of the merchandise on his person. Officer McGee testified that none of the doors to the grocery store were open as far as he could tell.

Winston J. Salvo, a witness for the prosecution, testified as follows: My name is Winston J. Salvo. I am a government policeman in Calhoun County, Alabama. I was on duty with Officer Kenneth McGee on December 7, 1972, in Calhoun County, Alabama. I observed a man standing outside a window at James Laney's grocery store in Blue Mountain. He appeared to be pulling something out of the window. I identified the person as the Appellant, Billy Ray Black. I saw cuts on the Appellant's arms and hands. I did not see the Appellant open any window or door in the store building. One window was broken and merchandise scattered over the floor. I never saw the Appellant inside the store building.

The Appellant, Billy Ray Black, testified as follows: My name is Billy Ray Black.

I live at 25 West 19th Street in Anniston, Calhoun County, Alabama. I did not break into the store building owned by James Laney on December 7, 1972. I was walking up the street in the vicinity of the grocery store and saw someone in front of the store. As I walked toward the grocery store, the person went around behind the building. The police pulled up before I got to the grocery store. I was charged with loitering or being out late at night. I did not break or enter into the store owned by Mr. James Laney on the occasion set out in this indictment.

■ The basic elements of burglary in the second degree are: (1) breaking and (2) entering, (3) with intent to steal or commit a felony. Livingston v. State, 44 Ala.App. 559, 216 So.2d 731.

■■ In order to authorize the submission of a criminal case to a jury there must be substantial evidence tending to show all elements of the nature of the crime and, there is a fundamental principle that a defendant's guilt in a criminal case may be established by circumstances as well as by direct evidence. Hudson v. State, 48 Ala.App. 703, 267 So.2d 494.

In Washington v. State, 44 Ala.App. 516, 214 So.2d 867, it was held by this court that the crime of burglary may be proved by circumstantial evidence as well as by positive and direct evidence and need not be proved by positive testimony only; but all of the testimony tending to incriminate the appellant may be considered by the jury in determining this question. Gary Don Wallace, alias v. State, 52 Ala.App. 331, 292 So.2d 140.

■ We are also aware that circumstances which merely arouse suspicion of guilt of a defendant will not serve as a basis for conviction, (DeSilvey v. State, 245 Ala. 163, 16 So.2d 183), and the further principle argued in appellant's brief that "No matter how strong the circumstances, if they can be reconciled with a theory that some other person, to the exclusion of the Defendant, may have done the act charged, then the Defendant is not shown to be guilty by that high degree of proof the law requires." Whatley v. State, 37 Ala.App. 706, 75 So.2d 182; Cannon v. State, 17 Ala.App. 82, 81 So. 860, and numerous other authorities cited.

■ The gist of the argument for reversal is that the evidence produced by the State is simply not sufficient upon which to base a verdict of guilt because of its circumstantial nature and its failure to rise above speculation, supposition, and suspicion of guilt.

We disagree and are of the opinion that the evidence in this case affords a fair inference of the guilt of defendant and the question of its sufficiency and whether the corpus delicti has been proven, along with the guilty agency of the defendant, was in the province of the jury rather than the court and that this case was properly submitted to the jury for a decision. Melson v. State, 38 Ala.App. 514, 88 So.2d 851; Haggler v. State, 49 Ala.App. 259, 270 So. 2d 690.

It follows that there was no error committed by the court in refusing the several requested written affirmative charges. (Number 1, 2, 3, and 8). It may be noted for the record charge 8 is also abstract since it was directed to "count 2" of the indictment, and there is no count 2.

■ Refused charge no. 4 is as follows:

"The Court charges the jury that if there is on (one) single fact proved to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt and the jury should acquit him."

The history of this charge in the Appellate Courts of Alabama shows that in many of the older cases the charge was held to be good but that it has been condemned in the later cases, notably Cox v. State, 19 Ala.App. 205, 96 So. 83; Arnold v. State, 18 Ala.App. 453, 93 So. 83; Ex

parte Davis et al, 184 Ala. 26, 63 So. 1010; Campbell v. State, 182 Ala. 18, 62 So. 57. The *Davis* case, supra, expressly overrules the older line of cases upholding this charge, one of the latter being Roberson v. State, 175 Ala. 15, 57 So. 829.

Therefore, no error appears in the refusal of any of these charges.

The court has examined the record in this cause and has discovered no error injurious to the rights of the appellant, and the case is, therefore due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.