BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent here and at nisi prius, was indicted for robbing Jackie Eugene McKenzie, manager of a convenience store in Jefferson County, and taking $135.09. Jury conviction was punishment fixed at ten years imprisonment. An appeal followed judgment. He was represented in the trial court by appointed counsel and now by appointed, but different counsel.
At the conclusion of the State’s evidence defendant made a motion to exclude the evidence. The court denied the motion. There was no motion for a new trial and no written charges were requested.
It appears from the evidence prior to the motion, inter alia, that the victim was on duty at night, October 5, 1974, when two blacks, one wearing a waist-length army jacket with insignia removed, and the other a flowered-patterned shirt, walked in about 10:00 P.M. and asked for a package of cigarettes. Suddenly, one presented a “sawed-off” shotgun; and demanded money. The victim promptly took the money from a cash register, put it in a sack, and delivered it to one of them.
After this transaction, one of them told the victim to go to the door and turn to the right. The victim complied and went into a lounge next door. He told the manager that he had been robbed and to call the police. The call was made. The victim then went to the door and saw a car, in his judgment a white four-door 1960 to 1965 Dodge, pull out from behind the store. The two robbers got in and the car hurriedly left toward Highway 79. The victim did not see the license plate number or could he tell who was driving. Officer Evans soon arrived.
This officer soon heard a radio announcement that an officer of Tarrant City, responding to an alert, had stopped a 1963 Dodge, white, four-door, in which three suspects were riding. Officer Evans and the victim left for the detention point on Highway 79. The victim remained in the police car while Evans went to the detained Dodge. The victim did not see the driver of the Dodge. It appears from the evidence that the detaining officers found some money in the Dodge and on the person of one of the occupants, that substantially corresponded in amount, silver and paper to the money taken from the victim. None was found on the driver of the Dodge. Also, they seized a sawed-off shotgun that was in the car. This gun substantially met the description of the gun used in the robbery. Officer Evans and the victim arrived at the detention point of the Dodge about five minutes after the car was stopped. The *88 point of detention was about four and one-half miles on Highway 79.
It further appears that Officer Keaton, who stopped the Dodge, observed the occupant who was driving, and in court identified the driver. He testified that the car was a white, four-door, 1963 Dodge. He further testified he received a dispatcher’s call from Tarrant City and he stopped the Dodge about “nine-forty-nine. It was going about 60 miles per hour.”
It also appears in the evidence that the descriptions of the other two blacks in the Dodge when it was stopped, corresponded to the description of the blacks who did the robbing. The sawed-off shotgun in the Dodge was identified as being similar to the gun presented by the robbers.
While there was no positive identification by the victims that the driver of the getaway Dodge was the defendant, the time element, the distance traveled to the point of detention, and other circumstances, all support an inference, for consideration of the jury, that the defendant was the driver of the Dodge when it left the scene of the robbery with the robbers aboard. If so, defendant was an accessory and a principal by the mandate of T. 14, § 14, Code of Alabama 1940, Recompiled 1958.
We will not undertake to burden this opinion with a delineation of the volume of details admitted in evidence. Suffice it is that under the State’s evidence, the jury could and by their verdict did conclude that defendant was the accessorial driver of the get-away Dodge. We conclude that the State adduced sufficient evidence before it rested to implicate that defendant.
The contention of defendant’s counsel that the evidence was insufficient to convict defendant is without merit. Besides, this contention of insufficiency was not raised by a motion for a new trial. The sufficiency of the State’s evidence before it rested was raised by a motion to exclude, which we hold under the evidence was properly overruled.
Defendant did not testify.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
The judgment is hereby
AFFIRMED.
All the Judges concur.