363 So.2d 1020 (1978)
Ben THOMAS, III
v.
STATE.
6 Div. 691.
Court of Criminal Appeals of Alabama.
October 3, 1978.
On Rehearing October 31, 1978.
*1021 Roger C. Appell of Bryan, Wiggins, Quinn & Appell, Birmingham, for appellant.
William J. Baxley, Atty. Gen. and Eddie Hardaway, Jr., Asst. Atty. Gen. for the State, appellee.
BOWEN, Judge.
Ben Thomas, III, was convicted of robbery and sentenced to ten years' imprisonment. On appeal he contends that the evidence was insufficient to support his conviction. We agree.
Viewing the evidence presented by the prosecution in its most favorable light, Livingston v. State, 44 Ala.App. 559, 216 So.2d 731 (1969), the state proved that Michael Jackson and Ronald Evans robbed the Zippy Mart at 201621st Street, Ensley, Alabama, on November 3, 1976. These two men ran across the street into the parking lot of the Pike Road Church and entered an automobile where Thomas was sitting in *1022 the driver's seat. Sergeant Jessie Jackson, having been alerted by a silent alarm, immediately drove his police vehicle in front of the parked automobile. He testified that the engine of the blocked automobile was not running but started as he drove in front of it, stopped his automobile and opened his door.
Sergeant Jackson drew his service revolver and ordered the three occupants out of the car. Evans then stated that, "We ain't did nothing". An automatic pistol and forty-five dollars, the approximate amount taken in the robbery, were found on Evans inside his coat pockets. No money or weapon was found on Thomas. The evidence was undisputed that Thomas did not participate in the actual robbery. With this testimony the state rested its case. Defense counsel moved for a directed verdict of acquittal on the grounds that the state had failed to prove Thomas' knowledge of or participation in the robbery. The motion for a directed verdict of acquittal served the same purpose and function as a motion to exclude the state's evidence and should have been granted.
In reviewing the action of the trial court in overruling a motion to exclude the evidence, only the evidence before the trial court at the time the motion was made can be considered. James v. State, 351 So.2d 693 (Ala.Cr.App.1977); Livingston v. State, 44 Ala.App. 559, 216 So.2d 731 (1969). The standard of review is whether there exists legal evidence before the jury, at the time the motion was made, from which the jury could by fair inference find the defendant guilty. Stewart v. State, 350 So.2d 764 (Ala.Cr.App.1977). In applying this standard, this court will not substitute itself for the jury in determining the probative force and weight of the evidence, Toles v. State, 170 Ala. 99, 54 So. 511 (1911); Leach v. State, 24 Ala.App. 423, 136 So. 493 (1931); Martin v. State, 17 Ala.App. 73, 81 So. 851 (1919), but will only determine if legal evidence was presented from which the jury, by fair inference could have found the defendant guilty beyond a reasonable doubt. Daniels v. State, 343 So.2d 566 (Ala.Cr.App.1977); Howell v. State, 339 So.2d 138 (Ala.Cr.App.1976).
While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. Smith v. State, 345 So.2d 325 (Ala.Cr.App. 1976), cert. quashed, 345 So.2d 329 (Ala.1976); Colley v. State, 41 Ala.App. 275, 128 So.2d 525 (1961). A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. Harnage v. State, 49 Ala.App. 563, 274 So.2d 333 (1972). While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, Royals v. State, 36 Ala.App. 11, 56 So.2d 363, cert. denied, 256 Ala. 390, 56 So.2d 368 (1952), mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence. Sauls v. State, 29 Ala.App. 587, 199 So. 254 (1941); Riley v. State, 28 Ala.App. 389, 187 So. 247 (1939); Rungan v. State, 25 Ala.App. 287, 145 So. 171 (1932); Guin v. State, 19 Ala.App. 67, 94 So. 788 (1922).
An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. Roberts v. State, 346 So.2d 473 (Ala.Cr.App.), cert. denied, 346 So.2d 478 (Ala.1978); Hale v. State, 45 Ala.App. 97, 225 So.2d 787, cert. denied, 284 Ala. 730, 225 So.2d 790 (1969); Orr v. State, 32 Ala.App. 77, 21 So.2d 574 (1945). It is a logical and reasonable deduction from the evidence and is not supposition or conjecture. Guesswork is not a substitute. Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940); Bolt v. Davis, 70 N.M. 449, 374 P.2d 648 (1962). A supposition is a conjecture based on the possibility or probability that a thing could have or may have occurred without proof that it did occur. Louisville & N. R. Co. v. Mann's Adm'r, 227 Ky. 399, 13 S.W.2d 257 (1929). The possibility that a thing may occur is not alone evidence, even circumstantially, that the thing did occur. Parker v. State, 280 Ala. *1023 685, 198 So.2d 261 (1967); Miller-Brent Lumber Co. v. Douglas, 167 Ala. 286, 52 So. 414 (1910).
The mere fact that a defendant is sitting in the driver's seat of an automobile into which a robber enters immediately following the robbery affords no legal inference that the defendant is the "get-away" driver or a participant in the robbery. While such circumstances do raise a suspicion that the defendant might be involved in the crime, they alone afford no circumstantial evidence of involvement or participation but only tend to support the possibility.
We have examined a number of robbery convictions of a "get-away driver" and in each case considerably more evidence was present to connect the defendant with the commission of the offense. In Smith v. State, 57 Ala.App. 151, 157, 326 So.2d 680, 685, cert. denied, 295 Ala. 424, 326 So.2d 686 (1975), it was noted that:
"Mere presence of appellant in the car would not make him a principal. Railford [Raiford] v. State, 59 Ala. 106. Such facts as his presence in connection with his companionship, his conduct at, before, and after the commission of the act, are potent circumstances from which participancy may be inferred."
Circumstantial evidence may afford an inference of participation, Cost v. State, 30 Ala.App. 182, 2 So.2d 466 (1941), as where the defendant-chauffeur had prior knowledge of the robbery as shown by his statements to the police, Brown v. State, 39 Ala.App. 149, 96 So.2d 197 (1957), and even though he advised his companions against commission. Bass v. State, 55 Ala.App. 5, 312 So.2d 576 (1975). Other circumstances affording logical and legal inferences of participation by the driver of an automobile in a robbery are that some of the money taken in the robbery was found on the defendant, McKinnon v. State, 349 So.2d 87 (Ala.Cr.App.), cert. denied, 349 So.2d 89 (1977); the presence of the defendant near the scene of the crime before the robbery with two of the three men identified as the robbers, the defendant's knowledge that one man carried a shotgun in a brown paper bag, and the conflicting statements of the defendant after his arrest, Childers v. State, 338 So.2d 1058 (Ala.Cr.App.1976); the suspicious conduct of the defendant in slowly backing the automobile up in front of the store being robbed, the presence of a weapon under the driver's seat, and the defendant's statement that the two robbers were her brothers where the relationship was denied by the men, Johnson v. State, 57 Ala.App. 470, 329 So.2d 160 (1976). The defendant's conduct in meeting the robber in an alley behind a store miles from the scene of the robbery allowing the robber to change vehicles and leave the automobile from which he fled from the scene of the crime may afford a sufficient inference of participation to support a conviction. Stinson v. State, 55 Ala.App. 629, 318 So.2d 325, cert. denied, 294 Ala. 772, 318 So.2d 329 (1975). While mere presence is insufficient, the fact that two men got into a Ford automobile which was "standing by" with the "motor running and radiator steaming" and driven away from the scene by the defendant may also authorize a conviction. Cost v. State, 30 Ala.App. 182, 2 So.2d 446 (1941).
In the case under review, there was no evidence at the time the motion to exclude was made which would justify or support an inference that Thomas was present with the robbers near the scene of the robbery before the commission of the crime or that he had any knowledge that a robbery was going to be committed. The evidence shows no consciousness of guilt by Thomas upon his capture and arrest. The state simply proved that Thomas was present in an automobile which was entered by two robbers. Such evidence, while creating a suspicion of guilt, is wholly insufficient to support a conviction. For this reason this case is reversed.
The Double Jeopardy Clause of the Fifth Amendment of the Constitution of the United States, and also the Constitution of Alabama, precludes a second trial once a reviewing court has found the evidence insufficient to sustain the jury's verdict of guilty. The prosecution cannot be afforded another opportunity to supply the *1024 evidence which it failed to muster in the first proceeding. Therefore this case must be reversed and rendered. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
REVERSED AND RENDERED.
HARRIS, P. J., and TYSON and BOOKOUT, JJ., concur.
DeCARLO, J., dissents.
DeCARLO, Judge, dissenting.
This case is being reversed and rendered on the basis that there was not sufficient evidence to connect this appellant with the robbery.
I do not agree.
The evidence submitted at trial showed that the two who had just robbed the Zippy Mart, "jumped into" the automobile where Thomas was seated behind the "wheel."
It showed that the car was on the Pike Avenue Baptist Church parking lot, backed into a parking space and "facing" the street.
At the time Sgt. Jackson received the call concerning the alarm, he was within two blocks of the Zippy Mart. He testified that he saw the two robbers run, and jump, into the car where the appellant was seated behind the steering wheel. According to Jackson, at the very moment he pulled the police car on the parking lot in front of the vehicle, occupied by Thomas, the car "cranked up. . . ."
In my judgment, it was logical and reasonable for the jury to deduce that Thomas was the intended driver of the "get-away" car. The robbery occurred at 10:00 o'clock in the morning, and the car occupied by Thomas was parked within two blocks of the place that was robbed. At the moment the two robbers entered the car, occupied by Thomas, the car was "cranked." Had the appellant driven the car a few feet from its parked position, no question could be raised that he was not in truth, and in fact, the "get-away driver." The only reasonable and logical conclusion that could be drawn from this set of facts is that Thomas was the "get-away" driver, and would have completed his purpose, had it not been for an alert police officer.
It defies reason to infer that the appellant was parked at the Pike Avenue Baptist Church for any other purpose. On the contrary, the jury would have to have been totally oblivious to reality to have concluded that appellant was not involved. He was certainly not seated there in the car awaiting church services. Any other conclusion would unquestionably be the result of surmise, speculation and conjecture.
Based on the foregoing reasons of fact, I respectfully dissent.

On Rehearing
BOWEN, Judge.
All the evidence against the appellant was circumstantial.
Circumstantial evidence is not inferior evidence but is evidence only if it along with the other evidence is susceptible of a reasonable inference pointing unequivocally to the defendant's guilt. Sumeral v. State, 39 Ala.App. 638, 106 So.2d 270 (1958). It is the inference of a fact in issue which follows as a natural consequence from known collateral effects. White v. State, 294 Ala. 265, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975).
For circumstantial evidence to be sufficient to justify a jury in convicting upon it, the circumstances proved must not only be consistent with the hypothesis that the defendant is guilty but inconsistent with the hypothesis that he is innocent, and inconsistent with every other rational hypothesis except that of his guilt. Ex parte Acree, 63 Ala. 234 (1879); Ott v. State, 160 Ala. 29, 49 So. 810 (1909); Lloyd v. State, 50 Ala.App. 646, 282 So.2d 85 (1973). Circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence. Pickens v. State, 115 Ala. 42, 22 So. 551 (1897); Tanner v. State, 291 Ala. 70, 227 So.2d 885 (1973). Circumstances, no matter how strong, which merely arouse a suspicion of guilt will not serve *1025 as a basis for conviction. Black v. State, 52 Ala.App. 528, 294 So.2d 777 (1974); DeSilvey v. State, 245 Ala. 163, 16 So.2d 183 (1944). Circumstances merely consistent with guilt or causing suspicion thereof are insufficient to justify a conviction of crime. Jordan v. State, 229 Ala. 415, 157 So. 485 (1934).
Here, the circumstantial evidence did nothing more than create a suspicion that the appellant was guilty of a criminal act. It was therefore an insufficient basis for a conviction. Facts are not proved by circumstances merely consistent with their existence. Fuguay v. State, 22 Ala.App. 243, 246, 114 So. 892 (1927).
On rehearing the State has simply refiled its original brief and has not specifically and clearly called to this court's attention any alleged error in our original opinion. Refiling a brief filed on submission as a brief supporting an application for rehearing is not permitted. DeGraaf v. State, 34 Ala.App. 137, 144, 37 So.2d 130 (1948).
"After an appellate court has discharged its duty by full consideration of the questions raised in a record, and has issued its opinion, then clearly it is the duty of an applicant challenging the correctness of that opinion to point out clearly and intelligently the errors which he alleges infect the opinion and decision. The only way this can be done is of course in a proper brief filed in support of the application for rehearing."
* * * * * *
"While the appellate courts of this State have been inclined toward a liberal construction of Rules 10 and 38 in determining the adequacy of briefs, yet as stated by the Supreme Court in Ogburn-Griffin Grocery Company v. Orient Insurance Company, 188 Ala. 218, 224, 66 So. 434, 435, `we cannot permit them (the rules) to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate the business and be an aid to the court in its prompt and orderly disposition, a result (in) which the profession and those whom it represents are greatly interested'.
"The office of an appellate brief is to aid an appellate court to understand quickly the issues involved, and by points, propositions and argument, supported where possible by citation of authority, present to the court the questions in controversy."

DeGraaf, 34 Ala.App. at 144, 37 So.2d at 136.
A motion to dismiss an application for rehearing on the grounds that a party in a criminal case has refiled on application for rehearing a brief substantially identical to that filed on the original submission, where such facts exist, is well taken and due to be granted.
Therefore, the appellant's motion to strike the State's application for rehearing is granted. Because the appellant cannot be retried, he is due to be discharged from custody.
OPINION EXTENDED; APPLICATION FOR REHEARING DISMISSED.
HARRIS, P. J., and TYSON and BOOKOUT, JJ., concur.
DeCARLO, J., adheres to dissent.