ON REHEARING
BOOKOUT, Judge.
On October 16, 1979, this court affirmed without opinion the trial court’s judgment denying the appellant’s petition for writ of error coram nobis. On October 30,1979, we restored the cause to the docket ex mero motu to consider an application for rehearing.
The State moved to strike the appellant’s application for rehearing on the ground that the appellant’s brief accompanying and in support of the application was in substance identical to the briéf filed on the original appeal in violation of Rule 40, ARAP. The State contends that Rule 40 requires a new brief to be filed on rehearing pointing out clearly and intelligently any error in this court’s opinion. The State’s position is correct in cases where this court issues a written opinion. Thomas v. State, Ala.Cr.App., 363 So.2d 1020 (1978); DeGaaf v. State, 34 Ala.App. 137, 37 So.2d 130 (1948). However, a different rule must apply where no written opinion is issued.
In the instant case the appellant’s application for rehearing specifically pointed out the fact that this court issued no written opinion and then stated:
*385 “2. Appellant, in order to perfect his appeal pursuant to the Alabama Rules of Procedure, reassigns all issues raised in the brief and oral argument for this Court’s consideration. . . . ”
In the instant case the appellant has done all that he can do in attempting to apprise this court of the error relied upon. Since all grounds assigned as error on original appeal were considered and rejected by this court, the appellant without being clairvoyant could only assert that we were in error in rejecting each of those grounds and request that we reconsider each on rehearing.
Where we find the rulings of a lower court to be without error, where the evidence supports the finding, verdict or judgment, and an opinion would have no precedential value, this court will affirm the judgment of the trial court without a formal written opinion. Such was the case here. We have reconsidered those points raised by the appellant in his application for rehearing and again find no error in the record.
The State’s motion to strike the application for hearing is therefore not well taken in the instant case and is- hereby denied.
APPLICATION OVERRULED.
All the Judges concur.