First degree robbery; sentence, ten years. Testimony at trial established the following evidence: The appellant was the driver of a car that was sighted and stopped by police, based on a report that occupants of the car had participated in the armed robbery of a drug store minutes earlier. Appellant and the three other occupants of the car were arrested at that time.
Two of the other passengers in the car were identified as the robbers of the drug store. Four weapons were found in the car, one next to each of the four passengers in the car. Two paper sacks, containing the drugs stolen in the armed robbery, were found in the car in plain view. One bag in the front floorboard was overturned with some of the stolen drugs loose on the floor.
There was testimony that appellant seemed to be intoxicated, though no smell of alcohol was noted. The car was observed weaving on the road before it was stopped.
The car was identified as the same car in which the robbers had escaped. The car had been parked during the robbery in a nearby alley, out of sight of persons in the drug store. Witnesses at the scene observed the "getaway."
The only issue presented for our consideration is whether there was evidence from which the jury could, by fair inference, have found defendant guilty of aiding and abetting in the robbery of the drug store. Cumbo v. State, 368 So.2d 871
(Ala.Cr.App.), cert. denied, 368 So.2d 877 (Ala. 1979). *Page 654 
This case is distinguishable from the case appellant relies on: Thomas v. State, 363 So.2d 1020 (Ala.Cr.App. 1978). InThomas, the court stated that proof that an appellant was behind the driver's seat of a car when two robbers jumped in the car immediately after a burglary did not, by itself, establish even circumstantial evidence from which an inference or deduction as to appellant's guilt could be made. The court established that other facts must be presented to tie an alleged getaway driver to the crime.
Thomas is distinguished from this case and numerous other cases involving alleged "get-away" drivers in the paucity of evidence adduced in that trial connecting Thomas to the offense charged.
An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. Roberts v. State,346 So.2d 473 (Ala.Cr.App.), cert. denied, 346 So.2d 478 (Ala. 1978).
The Thomas case establishes that there must be circumstances affording logical and legal inferences of participation by the "getaway" driver in a robbery to justify that driver's conviction as an accomplice. Thomas, supra.
In this case, the car was suspiciously parked in a nearby alley out of sight of the store, and a gun was found under appellant's seat as in Johnson v. State, 57 Ala. App. 470,329 So.2d 160 (1976). Also, there were the stolen narcotic drugs scattered at appellant's feet, together with testimony that appellant's actions evidenced intoxication as a result of ingesting some drug or drugs.
The evidence is more extensive than appellant's mere presence in the car with the two robbers of the store, as was the case in Thomas.
We find this circumstantial evidence sufficient to support the jury verdict of guilty, and we find no error in the court's denial of appellant's motion to exclude the State's evidence.
We hereby affirm the decision of the trial court.
AFFIRMED.
All the Judges concur.