Johnny Summerville was indicted by a Jefferson County Grand Jury for robbery in the first degree. He was found guilty by a jury, was adjudicated guilty of the offense, and was sentenced to twenty years. Hence this appeal.
Two issues are presented by appellant for review.
 I
At the conclusion of the State's case, appellant's motion to exclude the evidence was denied by the trial court, which appellant contends was an erroneous denial. We do not agree with appellant's contention.
The testimony of the victim, James Smitherman, was to the effect that appellant held a gun at the victim's head and demanded the victim's watch, rings, and wallet. The victim further testified that appellant hit him on the face, causing injuries, and that appellant threatened to "blow his brains out" should the victim refuse appellant's demands. Further, according to the victim's testimony, the victim surrendered his demanded property to the appellant, who then fled the scene. This evidence presents a prima facie case of robbery in the first degree.
In determining the sufficiency of the evidence for this purpose, we are required to consider the evidence in the light most favorable to the prosecution, and accord to the State all legitimate inferences therefrom. See Johnson v. State,378 So.2d 1164 (Ala.Cr.App.), cert. denied, 378 So.2d 1173 (Ala. 1979); and Bozeman v. State, 401 So.2d 167 (Ala.Cr.App.), cert.denied, 401 So.2d 171 (Ala. 1981).
We find that the State presented a prima facie case of robbery in the first degree, and that the trial court properly denied appellant's motion to exclude.
 II
Appellant contends that the trial court erred in its refusal to charge the jury on the lesser included offense of robbery in the second degree.
We do not reach this issue for the reason that it was not preserved for review. Appellant excepted to the trial court's omission of the lesser included offense from its oral charge, but did not request a written charge on robbery in the second degree.
An exception to an oral charge reaches only what the trial court actually charges; an objection to the trial court's refusal or omission to charge any particular subject, including a lesser included offense, applicable under the evidence, the proper *Page 653 
procedure is by way of a requested written charge. See Hollisv. State, 399 So.2d 935 (Ala.Cr.App. 1981), and authorities therein cited.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON and BOWEN, JJ., concur.
DeCARLO, J., not sitting.