Billy Helms was indicted for the first degree robbery of one Novel Peoples in violation of § 13A-8-41, Code of Alabama, 1975. The jury returned a verdict of "guilty as charged" and, following a sentencing hearing, the trial judge fixed punishment at life imprisonment without the benefit of parole, pursuant to the Habitual Felony Offender Act.
This cause arose out of an incident which occurred on October 19, 1982, at Peoples' Grocery in Dothan, Alabama. Novel Peoples, the owner/operator of Peoples' Grocery, testified that the appellant came into her store on the day in question at approximately 3:00 p.m., bought a lemon, and left. He returned around 4:00 p.m., bought a lemon concentrate, and left again. Approximately forty-five minutes later, appellant returned to the store a third time and bought a six-pack of beer. The appellant returned a fourth time around 6:30 p.m. He approached the counter and asked for a pack of cigarettes. When Ms. Peoples turned around to get the cigarettes, appellant put a gun down on the side of the counter and told her it was a "stick-up". Ms. Peoples told the appellant that he would never get away with this act because she knew him. Appellant told her that he was not teasing and that if she did not give him the money he would kill her.
Ms. Peoples stated that Jane Hall and her two young children were in the store when this incident occurred. The children began to cry and appellant told the children to hush or he would kill them. Ms. Peoples gave him the money out of the cash register at this time because she was in fear. As he was leaving the store Helms told Peoples and Hall that he knew where they lived and he would get them if they called the police.
Ms. Peoples further testified that Helms had been in her store many times before *Page 10 
the day of the robbery and that she had talked to him on occasion. She stated that she knew his last name was Helms because a niece of hers had pointed him out to her on a prior occasion. Peoples gave a description of the appellant, Helms, to the police and subsequently went to the police station to view a photographic line-up. She "picked out" appellant's picture as the man who had robbed her.
Jane Hall testified that she and her children were in Peoples' Grocery on the day it was robbed. She identified the appellant, Helms, as the man who had come into the store on that day and committed the robbery. She stated that she had seen the appellant before this day and that at the time of the robbery appellant had a pistol in his hand. She further stated that appellant threatened to kill them if they called the police.
Hall testified that she talked with the police about the robbery. She picked appellant out of a photographic line-up shortly after the robbery. She further stated that she had re-identified appellant within two months of the trial by picking him out of another photographic line-up.
Novel Peoples was recalled to the stand and she testified that she had given $190.00 out of her cash register to the appellant, Helms, at the time of the robbery.
Louis Miller testified that he was employed as a patrol sergeant by the Dothan Police Department. On October 19, 1982, he was dispatched to Peoples' Grocery to investigate a robbery. He spoke with Novel Peoples and Jane Hall, who gave him a description of the robber. Ms. Peoples told him that she knew the robber, that he had been in her store on a number of occasions, and that his last name was Helms. Miller showed a photographic line-up to Peoples at the police station. Peoples identified the appellant as the robber. Miller also showed a photographic line-up to Jane Hall at her home. She, too, identified appellant as the robber.
Miller further testified that he proceeded to the home of Billy Helms but Helms was not there. He stated that police were unable to locate the appellant.
Stanley Devane testified that he was employed as a patrolman by the Dothan Police Department. He was involved in the investigation of the robbery of Peoples' Grocery. On August 30, 1984, Devane received information that the appellant was in Dothan, Alabama. He proceeded to locate and arrest the appellant, at which time appellant was advised of his Miranda
rights. Devane then went to the home of Jane Hall and showed her a photographic line-up. Mrs. Hall identified the appellant as the man who had robbed Peoples' Grocery in October of 1982. He further stated that Hall picked appellant's picture out of the line-up without any hesitation.
Billy Helms testified in his own behalf. He stated that he had pled guilty to three prior felonies. Helms stated that he did not rob Peoples' Grocery on October 19, 1982. He stated that he was in Orlando, Florida on that date and had been since September 27, 1982. He returned to Dothan from Orlando on August 30, 1984. He further stated that he had never been inside Peoples' Grocery, but that he may have been in the area of the store at some time. Helms stated that the person who robbed the store had to have been someone who looked like him, but it was not him, and the ladies were most likely mistaken.
 I
The appellant contends that the trial court erred in denying his motions for judgment of acquittal and for new trial. He argues that the evidence presented at trial was insufficient to support the jury's verdict of guilty for robbery in the first degree.
We have carefully reviewed the record in this cause and find that the evidence elicited at trial was sufficient to sustain the jury's verdict. Mallory v. State, 437 So.2d 595
(Ala.Crim.App. 1983); Hubbard v. State, 437 So.2d 657
(Ala.Crim.App. 1983); Jones v. State, 431 So.2d 1367
(Ala.Crim.App. 1983); Summerville v. State, 429 So.2d 651
(Ala.Crim.App. 1982); Browning *Page 11 v. State, 429 So.2d 653 (Ala.Crim.App. 1982); Thatch v. State,397 So.2d 246 (Ala.Crim.App.), cert. denied, 397 So.2d 253
(Ala. 1981).
 II
Appellant contends that the trial court erred in allowing the prosecution to present evidence bolstering the credibility of State's witness Jane Hall. We find no merit to this contention. The appellant argues that the alleged bolstering of this witness' credibility occurred after she had identified the appellant as the man who robbed Peoples' Grocery. The State then proceeded to ask the witness whether she had seen a "photographic line-up". Defense counsel objected to this testimony as follows: (R. 36).
"Q. Did Sergeant Miller show you a photo line-up?
"A. Yes.
"Q. When did he do that?
"A. The same night.
"Q. How long after the robbery?
 "MR. THOMAS: Your Honor, we are going to object to any mention of any type of line-up, or anything else.
 "We feel like we have not established and we don't know what the line-up was; we don't have a copy of it. We don't have anything to object to. We don't have anything to look at.
 "We can't view it and we can't see it. They did not reserve it for us, such that we cannot determine and we do not know whether it was constitutional or unconstitutional, or otherwise.
 "MR. ANDERSON: Judge, I assure we have preserved it for him, and as soon as the police officer testifies, he will get his opportunity to see it.
"THE COURT: Overruled."
While there was an objection made to the mention of the line-up, the grounds raised on appeal were not specified at trial. It is well settled that all grounds of objection not specified are waived and that the trial court will not be placed in error on grounds not raised at trial. Scanland v.State, 473 So.2d 1182 (Ala.Crim.App. 1985); Reeves v. State,456 So.2d 1156 (Ala.Crim.App. 1984); Blackmon v. State,449 So.2d 1264 (Ala.Crim.App. 1984); Hughes v. State, 412 So.2d 296
(Ala.Crim.App. 1982); Wyrick v. State, 409 So.2d 969
(Ala.Crim.App. 1981); C. Gamble, McElroy's Alabama Evidence, § 426.01 (11) (3d ed. 1977).
We have carefully examined this record and find no errors injurious to the substantial rights of this appellant. Therefore, the judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.