Ronald Lacy was indicted for the first degree robbery of one Patricia Avera, in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant "guilty *Page 1193 
as charged" and, following a sentencing hearing, the trial judge fixed punishment at ninety-nine (99) years in the penitentiary pursuant to the Habitual Felony Offender Act.
Appellant does not challenge the weight and sufficiency of the evidence on this appeal. Our review of the record in this cause uncovers no problem with the weight and sufficiency of the evidence from which the appellant was adjudged guilty.Summerville v. State, 429 So.2d 651 (Ala.Crim.App. 1983);Browning v. State, 429 So.2d 653 (Ala.Crim.App. 1983); Agee v.State, 429 So.2d 654 (Ala.Crim.App. 1982). Since there is no challenge on appeal to the weight and sufficiency of the evidence, only a short statement of the facts is necessary.
On the evening of June 8, 1982 at approximately 5:00 p.m., two black males entered Chapman Pharmacy in Mobile, Alabama. One of these men headed toward the back of the store while the other, identified as the appellant, approached one Patricia Avera. Ms. Avera was working the cash register at the front counter. When the appellant approached the counter she was talking on the telephone but paused long enough to ask the appellant if she could help him. At this time the appellant pulled a gun and aimed it right between her eyes. Avera screamed, the appellant tilted the gun and it discharged. When the gun went off, Avera fell to the floor behind the counter. The appellant told her to get up and give him all the money from the cash register. Avera placed the cash in a white paper bag and handed the bag to the appellant. The appellant then escorted her to the rear of the store. Once at the rear of the store, appellant demanded that Avera give him her rings and her watch, which she did. The other black male was holding Dr. and Mrs. Chapman at gun point and the appellant then told Dr. Chapman to give him some drugs.
Shortly after this, two customers entered the store. The second black male went into the store and escorted them to the back with the others. The appellant placed all of the victims in a bathroom in the store, took Mrs. Chapman's rings from her and then he and his partner left the store.
During the trial the appellant was positively identified as one of the robbers by Ms. Avera, Mrs. Chapman and Mr. Harold Thompson, one of the customers who walked in during the commission of the robbery. Each of these people stated that they had approximately 10-15 minutes in which to view the appellant's face. Both Ms. Avera and Mr. Thompson described the clothing worn by the appellant.
 I
The appellant contends that he was denied the effective assistance of counsel when neither of his two appointed attorneys were adequately prepared to represent him at trial. He argues that neither of his attorneys was adequately familiar with the factual or legal issues involved in his ease, that no pre-trial investigation was performed and that no witnesses were interviewed.
The record shows that appellant was appointed counsel several months before trial. Some time prior to trial of this cause, appellant filed a petition for reassignment of counsel. On the morning of trial, the appellant once again expressed dissatisfaction with his appointed attorney and asked the court to hear the matter of reassignment. The trial court held a hearing on this matter after which the court refused to allow appellant's attorney to withdraw from the case. The trial court did, however, appoint another attorney to assist appellant's original counsel with trial of the case. During the hearing on the matter, the appellant and his original counsel stated to the trial judge that appellant could not remember where he was on the day of the robbery. They further stated that appellant had no witnesses to call in his defense. After appointing additional counsel to assist in the trial of the cause the trial judge allowed the newly appointed counsel to talk with appellant, original counsel and the district attorney for some time. Newly appointed counsel then informed the trial *Page 1194 
judge that appellant confirmed original counsel's statements that original counsel had done an excellent job of preparing the case and that there was nothing he would have done any differently. Newly appointed counsel then agreed to go ahead with trial as scheduled without asking for a continuance so that he could better prepare.
A review of the trial reveals that counsel for the appellant did an outstanding job of representing appellant. It is obvious that there was, in fact, more than adequate preparation for the trial.
The United States Supreme Court in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), held that "the proper standard for attorney performance is that of reasonably effective assistance." Further, the appellant's counsel's performance must be shown to have prejudiced his defense. "The appropriate test for prejudice is stated inStrickland, 104 S.Ct. at 2068: `The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Moffett v.State, 457 So.2d 990 (Ala.Crim.App. 1984). "In making a determination of prejudice, this Court must consider `the totality of the evidence before the judge or jury.' Strickland,104 S.Ct. at 2069." Moffett, supra.
 "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."
Strickland, supra at 2066.
 "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.
 "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable . . . See United States v. Decoster, 624 F.2d [196] at 209-210 [(C.A.D.C. 1976)]."
Strickland, supra at 2066-2067.
A review of the record in this cause indicates that counsel was prepared for trial of this case, that an adequate *Page 1195 
investigation was performed, and that counsel zealously performed the duties expected of him. The record further indicates that appellant had been appointed two well respected and experienced trial attorneys, and that appellant's case was not complicated. Appellant told both of his attorneys that he had no witnesses and that he did not remember where he may have been on the day of the robbery. The fact that the appellant's newly appointed counsel did not ask for a continuance does not render him ineffective. Such was an informed decision based on the complexity of this case.
The record further reveals that the State presented an extremely strong case against the appellant, complete with three eyewitness identifications of him as one of the robbers. The appellant simply could not advance a theory of defense in this cause and seeks to place the blame for his conviction on trial counsel. It is clear from this record that appellant has failed to meet the burden of proof required of him on this claim. Counsel was not ineffective in a legal and constitutional sense as argued by this appellant. See Daniel v.State, 459 So.2d 948 (Ala. 1984); Duncan v. State,461 So.2d 906 (Ala.Crim.App. 1984); Browning v. State, 465 So.2d 1208
(Ala.Crim.App. 1985).
 II
Appellant contends that the trial court erred in allowing Officer James Mayo to testify about the procedure he used to comprise a photographic lineup. He argues on appeal that such was an invasion of the province of the jury which constituted Mayo's opinion as to the ultimate fact in issue, the appellant's identity.
It should be noted initially that the appellant was identified at trial as one of the robbers by three persons who were eyewitnesses to the crime. Each of these people had the opportunity to observe the appellant for some 10 to 15 minutes during the commission of the crime and each positively identified the appellant at trial.
During trial of this cause the trial judge held a hearing on the motion to suppress outside the presence of the jury. (RR. 3-15). During this hearing defense counsel argued that Mayo's testimony concerning the photographic lineup was prejudicial to the appellant because it was suggestive. He now argues a different ground on appeal, i.e., that the testimony was an opinion on the ultimate issue of the case. It is fundamental that all grounds not specified are waived and that the trial court will not be placed in error on grounds not raised at trial. Blackmon v. State, 449 So.2d 1264 (Ala.Crim.App. 1984);Hughes v. State, 412 So.2d 296 (Ala.Crim.App. 1982); Wyrick v.State, 409 So.2d 969 (Ala.Crim.App. 1981).
A review of the record also reveals that after the suppression hearing and, once Mayo was testifying before the jury, the State did not attempt to elicit any information now complained of by the appellant. (RR. 15-23). Defense counsel brought out this information on cross-examination of Mayo. (RR. 25-26). This court may review only rulings of the trial court which are adverse to the appellant. Moreover, error cannot be predicated upon admission of testimony which was elicited by defense counsel and was responsive to defense questions.Carlile v. State, 372 So.2d 1348 (Ala.Crim.App.), cert. denied,372 So.2d 1350 (Ala. 1979); Williams v. State, 383 So.2d 547
(Ala.Crim.App. 1979), affirmed, 383 So.2d 564 (Ala. 1980), cert. denied, 449 U.S. 995, 101 S.Ct. 534, 66 L.Ed.2d 293
(1980); Barr v. State, 409 So.2d 976 (Ala.Crim.App. 1981).
For all of these reasons, the trial court properly admitted this testimony. As determined by the trial court the procedures were not adversely suggestive. This record is free of error. This cause is, therefore, due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 1196