McMILLAN, Judge.
This is an appeal from a conviction of unlawful possession of marijuana for other than personal use.
In January 1989, the Baldwin County grand jury returned a two-count indictment against the appellant charging him with unlawful possession of marijuana for other than personal use, in violation of § 13A-12-212(a)(1), Code of Alabama (1975), and with unlawful possession of marijuana for personal use only, in violation of § 13A-12-213(a)(2), Code of Alabama (1975). The appellant applied for and received youthful offender status. Thereafter, the appellant was convicted in a bench trial of unlawful possession of marijuana for other than personal use.
The sole issue raised on appeal is whether the record contains sufficient evidence to support the conviction of unlawful possession of marijuana for other than personal use. If so, then the trial court erred in denying the motion for directed verdict of acquittal. For the reasons set forth below, we agree with the appellant’s argument that the evidence was not sufficient.
In the case sub judice, the appellant was convicted on the theory of constructive possession, which was established at trial by circumstantial evidence. In Robinette v. State, 531 So.2d 697 (Ala.1988), our Supreme Court reiterated the standard of appellate review of the sufficiency of the evidence where the evidence presented at trial is circumstantial. The Robinette Court held as follows:
“ ‘ “The standard for appellate review of the sufficiency of the evidence in a case such as this one was aptly set out in Dolvin v. State, 391 So.2d 133 (Ala.1980):
*339 “ ‘ “In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir.1974); United States v. McGlamory, 441 F.2d 130 (5th Cir.1971); Clark v. United States, 293 F.2d 445 (5th Cir.1961).
“ ‘ “[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir.1969); Roberts v. United States, 416 F.2d 1216 (5th Cir.1969). The procedure for appellate review of the sufficiency of the evidence has been aptly set out in Odom v. United States, 377 F.2d 853, 855 (5th Cir.1967):
“ ‘ “ ‘Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt. Rua v. United States, 5 Cir., 1963, 321 F.2d 140; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. . . . The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is to examine the welter of evidence to determine if there exists apy reasonable theory from which the jury might have concluded that the defendant was guilty of the crime charged. McGlamory, 441 F.2d at 135 and 136.’ ” ’ (Emphasis in original.)
391 So.2d at 137-38, quoting Cumbo v. State, 368 So.2d 871, 874 (Ala.Crim.App.1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala.1979).”
Id. at 698-99. Circumstances, no matter how strong, which merely arouse a suspicion of guilt will not serve as a basis for conviction. Jordan v. State, 229 Ala. 415, 157 So. 485 (1934); Black v. State, 52 Ala.App. 528, 294 So.2d 777 (1974).
In Korreckt v. State, 507 So.2d 558 (Ala.Cr.App.1986), this Court addressed the matters which must be proved by the prosecution when the'defendant is not shown to be in actual possession of the premises on which the controlled substances were found. Judge Patterson, writing for this Court, held as follows:
“Possession, whether actual of constructive, has the following three attributes: (1) ‘[Ajctual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control.’ Radke v. State, 52 Ala.App. 397, 398, 293 So.2d 312, 313 (1973), aff’d, 292 Ala. 290, 293 So.2d 314 (1974). ‘Constructive possession may be determined by weighing facts tending to support a defendant’s necessary control over the substances against facts which demonstrate a lack of dominion and control.’ Crane v. State, 401 So.2d 148, 149 (Ala.Cr.App.), cert. denied, 401 So.2d 151 (Ala.1981). . . .
“When, as in this case, constructive possession is relied on, the State must also adduce some facts or circumstances from which the jury could find beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. Ex parte Story, 435 So.2d 1365 (Ala.1983); Lyons v. State, 455 So.2d 295 (Ala.Cr.App.1984); Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978). Additionally, ‘knowledge by the accused of the presence of the controlled substances is an essential element and prerequisite to conviction for the offense of illegal possession of a controlled substance under the Alabama Controlled Substances Act.’ Temple, 366 So.2d at 741. See also Walker v. State, 356 So.2d 672, 674 (Ala.1977), and § 20-2-80(2). Such knowledge may [be], and ususally is, established by circumstantial evidence. Walker v. State, 356 So.2d 674, *340 675 (Ala.Cr.App.1977), cert. denied, 356 So.2d 677 (Ala.1978).”
Id. at 564-65.
In the present case, the evidence tended to show the following facts:
On July 15, 1988, Sergeant Paul Surrey and Officer Gary Smith of the Baldwin County sheriff’s department, Officer Michael Gulledge of the Narcotics Enforcement Unit of the Alabama Alcoholic Beverage Control Board, and Officer Ray Ward of the Daphne Police Department, were engaged in a marijuana eradication operation in the vicinity of Daphne, Alabama. The officers had received information that marijuana was being grown behind a house at 1506 Conaway Street in Daphne, believed to be the residence of the appellant, and they proceeded to that address.
Officers Ward and Smith approached the Conaway Street residence from a wooded area behind the house. During their approach, the officers discovered a single marijuana plant growing in a ravine near the woods, in an unfenced area that was open in all directions to the public. Thereafter, Ward rendezvoused with Officer Gul-ledge and Sergeant Surrey, and the three men went to the appellant’s house, which was located nearby.
Upon reaching the Conaway Street residence, the officers came upon the appellant’s mother, Idell Shivers, and his grandmother, who told the officers that they lived in the house. Sergeant Surrey testified that Idell Shivers also stated, “Yes, [the appellant] lives here.” Sergeant Surrey explained to the two women that the officers had found a marijuana plant growing in the woods behind their house, and he asked them for their consent to search the premises. The consent was given and the officers found some green plant material in the residence and found a second marijuana plant in an area that appeared to be a well-defined yard, although it was outside a chain link fence that surrounded the residence. Sergeant Surrey testified, over the appellant’s objection, that Ms. Shivers stated, “I told that boy to leave that stuff alone,” when the second marijuana plant was found. Deborah Sennett, an employee of the Alabama Department of Forensic Sciences, testified that the green plant material taken from the Conaway Street residence was determined to be marijuana, and that the material weighed 2.7 ounces.
Idell Shivers testified for the defense that she resided at the Conaway Street address and that the appellant was her son. Mr. Shivers testified that the officers did not ask for her consent prior to searching her backyard, but that they asked her to sign a consent form after they found the second marijuana plant and that she signed the form. Ms. Shivers denied that the appellant was living in the house on Conaway Street at the time of the search, and she stated that she had never seen him taking any plants behind the house. On cross-examination, Ms. Shivers testified that the appellant had left the house about six months earlier and that he rarely came back to visit. Ms. Shivers also testified that the appellant had moved all of his clothes out of the house when he left and that she paid someone to take care of the yard for her.
The appellant testified that he had not lived in the house on Conaway Street for about six months prior to the search of those premises and denied that the plants belonged to him and denied any knowledge of them.
The evidence in the present case, when viewed in the light most favorable to the State, shows only that two marijuana plants were found growing behind the house where the appellant may have been living at the time of their discovery. The only evidence offered by the State that remotely indicated that the appellant had knowledge of the marijuana plants was the statement allegedly made by his mother to Sergeant Surrey that she “told that boy to leave that stuff alone.” While we have serious reservations as to whether this statement, standing alone, would be sufficient to prove the appellant’s knowledge of the plants, we need not address this issue. Sergeant Surrey’s testimony regarding the statement was rank hearsay, and should have been excluded based upon the appellant’s timely objection to that effect. Be *341 cause the prosecution failed to prove the appellant’s knowledge of the marijuana, as required by Korreckt, supra, and cases cited therein, the judgment of the trial court is due to be reversed and a judgment rendered in favor of the appellant.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.