MOORE, Chief Justice
(dissenting).
I respectfully dissent from the denial of Carlos Hernandez’s petition for a writ of certiorari. Having reviewed the unpublished memorandum of the Court of Criminal Appeals upholding Hernandez’s conviction, Hernandez v. State (No. CR-11-1732, April 26, 2013), — So.3d - (Ala.Crim.App.2013) (table), and the facts presented in Hernandez’s petition, I am not convinced that the State presented sufficient evidence from which a rational jury could find Hernandez guilty beyond a reasonable doubt of knowingly trafficking in 10 or more kilograms of cocaine.
The federal Drug Enforcement Administration arranged for an informant to deliver 15 kilograms of cocaine to Hernandez in the parking lot of the Flying J truck stop in Birmingham. Federal agents recorded video and audio of the delivery. Hernandez received a closed suitcase from the informant, which he put unopened into the trunk of his car. Several blocks away local police stopped Hernandez, seized the suit-ease, and arrested him. A jury convicted him of trafficking in 10 or more kilograms of cocaine. The trial court imposed a mandatory sentence of life imprisonment without parole.
Section 13A-12-23R2), Ala.Code 1975, provides that a person knowingly in possession of 10 kilograms or more of cocaine “shall be sentenced to a mandatory term of imprisonment of life without parole.” The audio transcript (translated from Spanish) of the controlled delivery does not contain any dialogue with Hernandez referring to cocaine or using a code word for cocaine. The only passage about quantity is the following dialogue between Hernandez and the informant or confidential source:
“CS: Here. There is the f[_] luggage.
“CARLOS: Yes, How much is it?
“CS: Uh, he said that it was 15.”
This brief dialogue in my view is insufficient to prove beyond a reasonable doubt that Hernandez knowingly possessed 10 or *1030 more kilograms of cocaine. Notably, he never opened the suitcase. Because the informant did not testify at the trial nor was the informant’s identity disclosed to the defense, the only evidence of Hernandez’s knowledge of the contents of the suitcase is the audiotape of the controlled delivery. “The test to be applied [in reviewing a conviction based on circumstantial evidence] is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt....” Cumbo v. State, 368 So.2d 871, 874 (Ala.Crim.App.1978). From the evidence presented, the jury would have to speculate that Hernandez knew the suitcase contained cocaine without having any evidence before it to that effect. “[M]ere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction.” Thomas v. State, 363 So.2d 1020, 1022 (Ala.Crim.App.1978).
For the above reasons, I would grant the petition for a writ of certiorari to examine the record on the question of whether a rational jury could conclude beyond a reasonable doubt from the evidence presented at trial that Hernandez knew that the suitcase he had received from the informant contained 10 or more kilograms of cocaine.